This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the State of Ohio, appeals an order of the Summit County Court of Common Pleas that granted Defendant's motion to suppress evidence acquired during an investigative stop. We reverse.
On November 4, 1998, Akron Police narcotics officers observed a man lingering at the end of a driveway in a known drug area. Detective Michael Shadie was dispatched to the scene in an unmarked vehicle. When he arrived, he noted that the subject continued to linger at the end of the driveway, glancing in both directions up and down the street. The subject ran behind a house when a marked police cruiser turned onto the street. He reappeared several minutes later and resumed his post at the end of the driveway. Officer Shadie continued to observe as a green Oldsmobile pulled alongside the curb. The subject approached the car, had a discussion with the occupants, and then walked behind the house again. After reappearing, he returned to the curb and got into the rear seat of the car. The car pulled onto Copley Road and proceeded westbound.
Detective Donny Williams initiated a traffic stop of the green automobile near the 1200 block of Copley Road. He was joined by four other units in marked cars. Detective Williams approached the passenger side of the car and visually identified the occupants in the front seats as Defendant and his brother. Williams and his partner, Detective Bell, proceeded to take administrative information from the subjects. Detective Bell informed the occupants of the car that they were suspected of engaging in illicit drug activity. Defendant and his brother stated that they were providing a ride to a friend.
At that point, Defendant consented to a search of his person. He opened the door and stepped from the car, but then immediately sat down on the passenger seat again and reached for the glove compartment. Startled by Defendant's actions, the officers restrained him and instructed him not to open the compartment. Defendant stepped from the car and agreed to a search of his person for drugs and weapons. As Detective Williams conducted the pat-down, he detected a bulge in Defendant's pocket. Detective Williams suspected that the object was a film container or pill bottle. Aware that crack cocaine is often transported in these containers, Officer Williams removed the container for inspection and discovered several rocks of crack cocaine.
Defendant was arrested and charged with one count of possession of crack cocaine in violation of R.C. 2925.11(A), a felony of the fourth degree. On November 30, 1998, Defendant moved to suppress all evidence obtained as a result of the search and any statements made by him before counsel was present. The trial court granted the motion after conducting a hearing. The State timely appealed pursuant to Crim.R. 12(J) and App. R. 4(B)(4) and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court committed error when it suppressed the evidence in this case.
The State has argued that the trial court erred by concluding that the police lacked a reasonable, articulable suspicion to initiate an investigative stop. We agree.
A police officer may stop a civilian to investigate unusual behavior, even absent probable cause to make an arrest, when the officer reasonably suspects that the civilian is engaged in criminal activity. State v. Andrews (1991), 57 Ohio St.3d 86, 87,cert. denied, 501 U.S. 1220, 115 L.Ed.2d 1002, citing Terry v.Ohio (1968), 392 U.S. 1, 21 L.Ed.2d 889. This belief cannot be justified by mere intuition, but must instead be grounded in specific, articulable facts and such rational inferences as may be drawn from those facts. Terry v. Ohio (1968), 392 U.S. 1, 21-22,20 L.Ed.2d 889, 906-07. The propriety of an investigative stop must be assessed in light of the totality of the surrounding circumstances as viewed through the eyes of a reasonable police officer who must confront those circumstances on the scene. Statev. Andrews, 57 Ohio St.3d at 87-88. While we defer to the findings of the trial court on a motion to suppress provided that they are supported by competent, credible evidence, our review of the application of the law to the facts is de novo. State v.McNamara (1997), 124 Ohio App.3d 706, 710.
In State v. Bobo (1988), 37 Ohio St.3d 177, 179, cert.denied, 488 U.S. 910, 102 L.Ed.2d 252, the Supreme Court of Ohio concluded that an investigative stop was justified in light of the totality of the circumstances, including the location of the events in an area known for heavy drug activity; the fact that the events took place at night; the experience of the officers and the number of related arrests in which they had participated; and furtive movements made by the defendant. The Court emphasized that:
 The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur * * *. On the contrary, * * * it may be the essence of good police work to adopt an intermediate response. * * * A brief stop of a suspicious individual * * * may be most reasonable in light of the facts known to the officer at the time.
Id. at 180, quoting Adams v. Williams (1972), 407 U.S. 143,145-46, 32 L.Ed.2d 612, 616-17.
An investigatory stop is justified when an officer is able to articulate a reasonable suspicion of either a traffic violation or some other violation of law. Akron v. Dotson (Dec. 9, 1998), Summit App. No. 19053, unreported, at 5, citing Delaware v. Prouse
(1979), 440 U.S. 648, 663, 59 L.Ed.2d 660, 673. Accordingly, an officer need not observe a traffic violation before making an investigative stop. Akron v. Dotson, supra. See, also, Tallmadgev. McCoy (1994), 96 Ohio App.3d 604, 608.
In Dotson, officers observed the defendant seated in a stopped car in the middle of a road, in an area known for drug activity, engaged in a conversation with a man leaning in the passenger window of the car. The man walked away from the car and into a neighboring house when the officers approached, and the defendant drove away. Based the officer's experience in conducting arrests, the actions of the individuals and the movement of the vehicle, and the conversation involving a man leaning into the car, the officers suspected a possible drug transaction. The officers followed the defendant for several blocks while they traced her license plate to an individual from another location, then initiated an investigative stop. At that time, the officers discovered that the defendant's driver's license was under suspension. On appeal, this court concluded that the investigative stop was justified by a reasonable suspicion of criminal activity given the totality of the circumstances that confronted the officers. State v. Dotson,supra, at 5-6.
This case presents a similar situation. Officer Donny Williams was the sole witness at the suppression hearing. Although he did not personally witness the evasive movements taken by the man stationed at the end of the driveway, Officer Williams stated that he worked as part of a coordinated police effort. Through radio contact with Detective Shadie, Officer Williams learned that a man was observed lingering at the end of a driveway; that this man ran behind a neighboring house when a marked cruiser drove past and then promptly returned to the curb; that the car in which Defendant was a passenger pulled up to the curb and an occupant carried on a conversation with the man; and that the man briefly returned to the home, then entered the vehicle. These activities occurred at night in an area known for a high level of drug activity. Officer Williams stated that drug transactions often occur in this manner, and that the transactions are frequently completed after the subject enters a vehicle.
"[P]olice officers `are entitled to presume the accuracy of a police radio broadcast and act accordingly.'" State v. Craft
(Dec. 18, 1996), Wayne App. No. 96CA0027, unreported, at 5, quoting State v. Blakely (Mar. 29, 1996), Franklin App. No. 95APA02-152, unreported, 1996 Ohio App. LEXIS 1340, at *7. As a result, the facts forming the basis for an investigative stop are not suspect merely because they became known to the officer via radio, and the state is not required to prove the underlying facts. State v. Craft, supra, at 4. Given the observations relayed to Detective Williams by Detective Shadie, we conclude that the investigative stop in this case was justified by a reasonable, articulable suspicion of criminal activity.
The State's assignment of error is well taken. The judgment of the trial court is reversed, and this case is remanded for proceedings not inconsistent with this opinion.
Judgment reversed and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ LYNN C. SLABY
 FOR THE COURT
WHITMORE, J.
BATCHELDER, J.
CONCUR